1  Jennifer L. Santa Maria, CA Bar No. 225875
   jennifer.santamaria@ogletreedeakins.com
2  Kathryn B. Gray, CA Bar No. 254856
   kathryn.gray@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   4370 La Jolla Village Drive, Suite 990
4  San Diego, CA  92122
   Telephone:   858.652.3100
5  Facsimile:    858.652.3101

6  Attorneys for Defendant ITT EDUCATIONAL
   SERVICES, INC.
7

8                UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 | MARIA BROWN                              | Case No.: **'15CV2881 L     WVG**
12 |         Plaintiff,                       |
13 |    vs.                                   | **DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**
14 | ITT EDUCATIONAL SERVICES, INC.,          |
   | d/b/a ITT Technical Institute, an Indiana|
15 | corporation conducting business in the   |
   | State of California, and DOES 1-10.      |
16 |         Defendant.                       |
17 |                                          | (Filed concurrently with Declaration of Phillip B. Frank; Declaration of Jennifer L. Santa Maria)
18 |                                          |
19 |                                          |
20 |                                          | State Court Complaint
21 |                                          | filed:         December 23, 2014
22

23

24

25         TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

26 SOUTHERN DISTRICT OF CALIFORNIA:

27         PLEASE TAKE NOTICE that Defendant ITT EDUCATIONAL SERVICES,

28 INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of

1  28 U.S.C. §§ 1332, 1442(a) and 1442(b) and removes the above-entitled action to
2  this Court from the Superior Court of the State of California in and for the County of
3  San Diego.

4       1.    On December 23, 2014, plaintiff MARIA BROWN ("Plaintiff") filed a
5  civil action against Defendant in the Superior Court of the State of California, San
6  Diego County, Case No. 37-2014-00043284-CU-OE-CTL, which sets forth the
7  following causes of action: (1) Violation of FEHA; (2) Intentional Infliction of
8  Emotional Distress; (3) Negligent Infliction of Emotional Distress; (4) Failure to
9  Prevent Harassment; (5) Constructive Termination; (6) Unfair Business Practices;
10 and (7) Breach of Contract.  Plaintiff named Defendant ITT Educational Services,
11 Inc. and Gary Lopez, an individual, as defendants.

12      2.    On or about January 21, 2015, Defendant received Plaintiff's Summons
13 and Complaint through service on Defendant's counsel, per an agreement between
14 counsel. Defendant's counsel agreed to accept service on behalf of Defendant, and
15 executed a Notice and Acknowledgement of Service on February 9, 2015.  True and
16 correct copies of the Summons, Complaint, Civil Cover Sheet, and Notice and
17 Acknowledgment are attached hereto as Exhibit "A" to the Declaration of Jennifer
18 Santa Maria ("Santa Maria Decl.") filed concurrently herewith. (Santa Maria Decl. ¶
19 3.)

20      3.    On March 11, 2015, Defendant timely filed and served a Demurrer in
21 the San Diego County Superior Court.

22      4.    On April 1, Defendant Gary Lopez filed a demurrer.

23      5.    On August 21, 2015, the Court heard the Defendants' demurrers and
24 issued its ruling on the demurrers. The Court sustained defendant Lopez' demurrer
25 without leave to amend, and dismissed defendant Lopez from the lawsuit. The Court
26 sustained defendant ITT's demurrer with leave to amend. A true and correct copy of
27 the Court's ruling is attached hereto as Exhibit "B" to Santa Maria Decl. filed
28 concurrently herewith. (Santa Maria Decl. ¶ 4.)

22920111_1.docx

2
NOTICE OF REMOVAL

1    6. On August 28, 2015, Plaintiff filed a First Amended Complaint ("FAC"). The FAC alleges four causes of action: (1) Violation of FEHA; (2) Failure to Prevent Harassment; (3) Constructive Termination; and (4) Unfair Business Practices.  A true and correct copy of Plaintiff's FAC is attached hereto as Exhibit "C" to Santa Maria Decl. filed concurrently herewith. (Santa Maria Decl. ¶ 5.)  The FAC continued to make reference to defendant Gary Lopez. (See FAC (Exhibit "C") at ¶ 1.)

7. Defendant filed a demurrer and motion to strike the FAC on September 29, 2015, based in part on the reference in the FAC to defendant Gary Lopez. (Santa Maria Decl. ¶ 6.)

8. On October 30, 2015, the Court heard Defendant's demurrer and motion to strike the FAC. The Court sustained the demurrer as to the third and fourth causes of action without leave to amend, and granted the motion to strike the FAC. A true and correct copy of the Court's order is attached hereto as Exhibit "D" to Santa Maria Decl. filed concurrently herewith. (Santa Maria Decl. ¶ 7.)

9. On November 9, 2015, Defendant timely filed and served an Answer in the San Diego County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as Exhibit "E" to Santa Maria Decl. filed concurrently herewith. (Santa Maria Decl. ¶ 8.)

10. This case, as stated by Plaintiff's Complaint, was not removable because it did not affirmatively allege Plaintiff's citizenship.  (Santa Maria Decl., ¶ 9; *See, Complaint* and *FAC, generally; See also Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005) (observing that the "first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face") (emphasis added); *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857-858 (9th Cir. 2001) (a complaint which merely alleges the residence of the Plaintiff fails to establish the citizenship of the plaintiff for the purpose of diversity jurisdiction).)  Accordingly, the 30-day deadline provided for in 28 U.S.C.

22920111_1.docx

§ 1446(b) with respect to service "of the initial pleading" was never triggered in the instant matter.

11. On or about November 6, 2015, Defendant propounded Requests for Admissions (Set One) to Plaintiff which requested that Plaintiff provide information regarding her citizenship. (Santa Maria Decl., ¶ 10, Exhibit "F".)

12. Plaintiff served her responses to Defendant's Request for Admissions (Set One) on December 18, 2015. (Santa Maria Decl., ¶ 11, Exhibit "G".) In her responses, Plaintiff admitted that she was domiciled in the state of California when she filed her complaint. (*Id.*)

13. When a case stated by the initial pleading is not removable, a notice of removal may be filed within 30-days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is subject to removal. (28 U.S.C. § 1446(b)(3).)

14. Here, Defendant received discovery responses indicating that the case was removable on December 18, 2015. As such, this removal is timely because it was filed within 30 days of December 18, 2015. (Santa Maria Decl., ¶ 11.)

15. To date, Defendant has not received any document, other than those included in Exhibits "A" through "H" which would constitute an "other pleading, motion, order or other paper" within the meaning of 28 U.S.C. § 1446(b). (Santa Maria Decl., ¶ 13.)

16. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the San Diego County Superior Court. (Santa Maria Decl. ¶ 14.) Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

17. Venue of this action lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because

this is the judicial district of this Court in which the action arose and where the causes of action arose.

## DIVERSITY JURISDICTION

18. Citizenship of the parties in this Action is determined by their citizenship status at the Action's commencement. See *Mann v. City of Tucson,* 782 F.2d 790 (9th Cir. 1986).

19. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

20. In response to Defendant's Requests for Admission (Set One), Plaintiff admits that, at the time of the filing of the Complaint, she was domiciled in the state of California. (Plaintiff's Responses to Defendant's Requests for Admission (Set One) No. 1, attached as Exhibit "G" to Santa Maria Decl.) (Santa Maria Decl., ¶ 11.)

21. Therefore, Plaintiff is a citizen of the State of California.

22. A corporation is considered for diversity purposes a citizen of any state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

23. Defendant, both at the time this action was commenced and the time it was removed to federal court, is either a citizen of the State of Delaware or the State of Indiana within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Delaware, with its principal place of business and corporate headquarters located at Indiana. (Declaration of Phillip B. Frank ("Frank Decl.") ¶ 3-4 filed herewith.) The State of Indiana is where all of Defendant's primary executive, administrative, financial, and management functions are conducted and where the high level officers direct, control, and coordinate the corporation's activities. *The Hertz Corporation v. Friend*, 130 S.Ct. 1181 (2010).

Defendant was at the time the Complaint was filed, and still is, incorporated in the State of Delaware. (Frank Decl., ¶ 3.)

24. Defendant's principal place of business is in the State of Indiana. Defendant has campus locations in thirty-nine (39) different states, but performs the vast majority of its executive and administrative functions at its Carmel, Indiana corporate office. (Frank Decl., ¶ 4.) For example, Defendant's President, Chief Financial Officer, and highest ranking human resources employees are all located in Carmel, Indiana. (*Id.*) Accordingly, Defendant is (and was at the time of filing of the Complaint) a citizen of the State of Indiana and Delaware.

25. Defendant is not aware of any Doe defendants having been served with a copy of the Summons and Complaint. The citizenship of Doe defendants is disregarded for the purpose of removal. 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.") Accordingly, there are no other named defendants to join Defendants in this Notice of Removal.

26. As none of the defendants named in this matter are citizens of California where this action was brought, there is complete diversity allowing removal by non-resident defendants. 28 U.S.C. §§ 1441, *et seq.*; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).

27. Therefore, this action is brought between citizens of different states under the definition of 28 U.S.C. §1332.

## AMOUNT IN CONTROVERSY

28. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996).

29. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims.

22920111_1.docx

6
NOTICE OF REMOVAL

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002), *citing*, *Burns v. Windsor Ins. Co.* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc*., 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing, *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

30. The amount in controversy may include general and special compensatory damages, and attorney's fees which are recoverable by statute.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).  The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases.  See, e.g., *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

31. Cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See*, *Galt G/S*, *supra*, 142 F.3d at 1155-56.  Furthermore, such fees are calculable beyond the time of removal.  *Simmons v. PCR Technology*, *supra*, 209 F.Supp.2d at 1035.

32. Punitive damages are also included in calculating the amount in controversy.  *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); see also *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994). The potential punitive damage award against defendants such as Hilton Worldwide - alone may satisfy the amount in controversy.  Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could

well exceed the $75,000 jurisdictional minimum. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994).

33. In *Aucina v. Amoco Oil Co.,* the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, *supra*, 871 F.Supp. at 334.

34. Further, it is well-settled that a settlement demand setting forth an estimate of plaintiff's claims may be used to demonstrate the amount in controversy. *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002) ("letter [from plaintiff's attorney] is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *see also Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 973-75 (9th Cir. 2007) (pre-mediation demand letter constitutes evidence of the amount in controversy); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006) ("[plaintiff]'s lawyer has revealed what he thinks his loss amounts to . . . This is the amount 'in controversy.'"); *Arellano v. Home Depot*, 245 F.Supp.2d 1102, 1108 (S.D. Cal. 2003) (holding that plaintiff's settlement letter seeking $70,000 was evidence that the amount in controversy met the jurisdictional threshold because "the Ninth Circuit has clearly established that a court may rely solely upon a settlement letter in determining the amount in controversy if the letter appears to reflect a reasonable estimate of the plaintiff's claim").

35. In this case, the amount in controversy is easily ascertained from Plaintiff's settlement demand to Defendant. On August 31, 2015, Plaintiff - through her attorney of record, made a settlement demand stating "Attorney's fees through trial are presently estimated to be $350,000, though based on past experience with ITT, fees could be as high as $1M, depending upon whether a multiplier is applied, and depending on how much discovery is undertaken. Based on the above considerations, I am authorized to make a demand of $285,000.00." (Attached as Exhibit "H" to the Santa Maria Decl.) (Santa Maria Decl., ¶ 12.)

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of San Diego to this Court.

DATED:  December 21, 2015

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: *Jennifer L. Santa Maria*_____
Jennifer L. Santa Maria
Kathryn B. Gray

Attorneys for Defendant ITT EDUCATIONAL SERVICES, INC.

22920111.1

22920111_1.docx