# EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br>Stephen B. Morris (126192) <br>Morris and Associates <br>444 West C Street, Suite 300 <br>San Diego, CA 92101 <br>TELEPHONE NO.: 619-239-1300   FAX NO. *(Optional):* 619-374-7082 <br>E-MAIL ADDRESS *(Optional):* <br>ATTORNEY FOR *(Name):* Plainitff | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Maria Brown

DEFENDANT/RESPONDENT: ITT Educational Services, Inc., et al.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER:

TO *(insert name of party being served):* ITT Educational Services, Inc., d/b/a ITT Technical Institute

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 20, 2015

Stephen B. Morris
(TYPE OR PRINT NAME)         ▶         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ✓ A copy of the summons and of the complaint.
2. ✓ Other *(specify):*
   Civil Case Cover Sheet, Notice of Eligibility to eFILE, ADR Information, Notice of Case Assignment and Case Management Conference

**(To be completed by recipient):**

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)         ▶         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Exhibit A
Page 1 of 12

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ITT EDUCATIONAL SERVICES, INC., d/b/a ITT Technical Institute, etc.; GARY Lopez; and, DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Maria Brown

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

14 DEC 23 PM 3: 50

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of CA, County of San Diego

**CASE NUMBER:** *(Número del Caso):*
37-2014-00043284-CU-OE-CTL

DEC 23 '14 PM 3:24

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen B. Morris                   Morris & Associates
444 West C Street, Suite 300        (619) 239-1300
San Diego, CA 92101

DATE: December 23, 2014   **DEC 24 2014**   Clerk, by   **C. Goodman**   , Deputy
*(Fecha)*                              *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]


Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Brown v. ITT
Exhibit A
Page 2 of 12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephen B. Morris  126192<br>Morris & Associates<br>444 West C Street, Suite 300<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 239-1300    FAX NO.: (619) 374-7082<br>ATTORNEY FOR *(Name):* Maria Brown | FILED<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIVISION<br><br>14 DEC 23 PM 3:50<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: Brown v. ITT Educational Services, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 37-2014-00043284-CU-OE-CTL<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties         d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence             f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Seven
5. This case  [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 23, 2014

Stephen B. Morris, Esq.
_____        ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use       CIVIL CASE COVER SHEET        Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Judicial Council of California                                      Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                          www.courtinfo.ca.gov

Brown v. ITT
Exhibit A
Page 3 of 12

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice-
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]             **CIVIL CASE COVER SHEET**             Page 2 of 2

Brown v. ITT   Exhibit A
Page 4 of 12

Stephen B. Morris (SBN 126192)
**MORRIS and ASSOCIATES**
444 West C Street, Suite 300
San Diego, CA 92101
Tel: (619) 239-1300
Fax: (619) 234-3672
morris@sandiegolegal.com

Attorneys for Plaintiff

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

14 DEC 23 PM 3:50

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MARIA BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>ITT EDUCATIONAL SERVICES, INC. d/b/a ITT Technical Institute, an Indiana corporation conducting business in the State of California, GARY LOPEZ, an individual, and DOES 1-10<br><br>    Defendant. | CASE NO. 37-2014-00043284-CU-OE-CTL<br><br>**COMPLAINT FOR**<br><br>1. **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940,** *et seq.*<br><br>2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>3. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>4. **FAILURE TO PREVENT HARASSMENT**<br><br>5. **CONSTRUCTIVE TERMINATION**<br><br>6. **UNFAIR BUSINESS PRACTICES**<br><br>7. **BREACH OF CONTRACT** |

1

DEC 23 '14 PM 3:24

Plaintiff complains and alleges as follows:

1. This action is brought by Plaintiff Maria Brown (Brown) against her former employer, ITT EDUCATIONAL SERVICES, INC. d/b/a ITT Technical Institute (ITT), doing business in San Diego County and throughout the United States, and Gary Lopez, an individual and former Campus Director of the Vista campus of ITT.

2. The true names and capacities, wether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1-10, inclusive, are currently unknown to PLAINTIFF, who therefore sues Defendants by such fictitious names under Cal. Code Civ. Proc. §474. Plaintiff alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner of the unlawful acts referred to herein. PLAINTIFF seeks leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereafter as DOES when such identities become known.

3. Plaintiff was, throughout the majority of events herein described, an employee of ITT within the meaning of Government Code section 12940 *et seq*. Plaintiff has complied with all administrative prerequisites before bringing this action and has obtained a "Right to Sue letter" from the DFEH.

4. Plaintiff was hired by ITT in June 2007 as a Financial Aid Administrator at its Vista campus location. Thereafter, ITT hired Gary Lopez as the Vista Campus Director.

5. Within approximately three months of Lopez being hired, and continuing thereafter until plaintiff was laid off on July 31, 2013 Lopez harassed Plaintiff in the following particulars, among others:

A. Touching her inappropriately.

B. Propositioning her for sex.

C. Inviting her to lunch and dinner.

D. Encouraging plaintiff to drink alcohol with him during the work day, and

after work.

E. Sending Plaintiff sexual videos, and video links.

F. Suggesting plaintiff could be promoted if she had sex with him.

G. Requiring plaintiff to actually have sex with him throughout her employment, including oral and anal sex, and the use of sex toys purchased by Lopez.

H. Buying plaintiff a Victoria's Secret Gift card and lingerie.

I. Requiring plaintiff to wear provocative underwear and to give her panties to him after she had worn them.

J. Sending plaintiff naked pictures of himself, including but not limited to photographs of his erect penis.

K. Requiring plaintiff to send him naked pictures of herself.

L. Hounding Plaintiff after hours to return to campus to have sex in his office.

M. Encouraging plaintiff to wear provocative clothing to work.

N. Required Plaintiff to attend quarterly Manager's Conferences and to have sex with him there.

O. Having sex with Plaintiff in his car.

P. Having sex with Plaintiff at hotels close to campus, including but not limited to the Temecula Marriott Hotel and the Corona Marriott Hotel.

6. In 2010, Plaintiff asked to be transferred to the San Diego office of ITT, and was in fact transferred there. Nevertheless, throughout her time at the San Diego office, Lopez continued to harass her, promised her promotions if she would relocate to the Corona Campus and plaintiff, in 2011, in fact did relocate to the Corona Campus.

7. The sexual relationship which had existed previously then fully reignited and plaintiff was required to engage, and did engage, in multiple sexual acts with Lopez until her final departure from ITT in July 2013.

8. Plaintiff complained to Human Resources (HR) about being harassed and also retaliated against by female co-workers who called her "bitch" and "Whore."

Tammy Billington, Director of Financial Aid, Natalie Fears, and the Patricia Burns, Director of Recruitment often said things like "Maria is fucking the Director" and "Maria is fucking Gary." Plaintiff utilized the ITT "Hotline" to complain.

9. In mid-June 2012, Plaintiff finally became so stressed over the events set forth herein that she went to the ER for pain in her chest and difficulty breathing. She began seeing a psychologist and a psychiatrist, and was placed on disability as a result. Plaintiff's disability claim was based on stress she experienced as the result of sexual harassment.

10. Throughout the time that Plaintiff was employed at the San Diego ITT Campus there also existed a sexually hostile work environment fostered there which was condoned by the Financial Aid Director, the Director of Recruiting, and the Campus Director. Plaintiff likewise found this hostile work environment offensive.

11. Lopez left ITT in or about November 2013 to become the President of another college.

12. Thereafter, Lopez often called Plaintiff and threatened her not to disclose the details of their relationship in connection with her disability claim. Plaintiff has yet to receive from ITT notice of the findings of its investigation of her complaints. Plaintiff's disability claim was resolved on or about June 11, 2014.

### FIRST CAUSE OF ACTION
### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*
### (As against ITT)

13. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

14. The environments at the ITT locations where Plaintiff worked were sexually hostile, abusive, and so far beyond what a reasonable woman should be expected to endure that Plaintiff has became so stressed that she could no longer function there.

15. All of the above constituted a hostile work environment in violation of

4

California Government Code 12940 et seq. Defendant ITT had a duty to prevent the creation of a hostile work environment based upon sex and violated that duty, failing also to take timely corrective action upon discovery of the environment.

16. As the direct result of the harassment and hostile work environment, Plaintiff has suffered emotional distress and economic injury in an amount to be proven at the time of trial.

17. The above-described conduct was at all times intentional and designed to harass Plaintiff, or was so far removed from what a reasonable employee would expect to have to address in her place of employment as to have been undertaken, at a minimum, with a conscious disregard for the rights of plaintiff justifying an award of exemplary damages against defendants.

18. The filing by Plaintiff of her disability claim, based on her having suffered severe emotional distress resulting from the sexually explicit hostile work environments, equitably tolled the filing deadline to receive a "Right To Sue Letter" from the DFEH, and further equitably tolled any applicable statute of limitations.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As against LOPEZ)

19. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

20. By coercing Plaintiff Brown to engage in multiple sexual acts over a period of years, and by telling plaintiff that if she ever complained nobody would believe her, Lopez acted with a conscious disregard for the emotional well being of Brown, knew, or should have known, that his actions and threats would likely result in emotional distress, and determined that his own sexual appetites outweighed any semblance of concern for Brown. His actions in fact did cause sever emotional distress, as well as economic damages in an amount to be proven at the time of trial.

21. The above-described conduct was at all times intentional and designed

to harass Plaintiff, or was so far removed from what a reasonable employee would expect to have to address in her place of employment as to have been undertaken, at a minimum, with a conscious disregard for the rights of plaintiff justifying an award of exemplary damages against defendants.

## THIRD CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (As against Lopez)

22. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

23. At all pertinent times herein, Lopez owed Brown a duty of due care, and to treat her with respect within the reasonable expectations of an ordinary female employee.

24. By engaging in the conduct alleged herein Lopez breached his duty of due care and caused Brown severe emotional distress, requiring medical intervention, as well as economic damages in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION
## FAILURE TO PREVENT HARASSMENT
### (As against ITT)

25. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

26. At all times while Brown was employed at ITT, ITT had a duty to prevent sexual harassment in the workplace, and yet it allowed rampant sexual misconduct on at least two campuses in Southern California, and plaintiff is informed and believes other campuses around the United States. ITT failed miserably to implement reasonable training for its Directors such that Brown had the misfortune to be victimized by out of control sexual predators, chauvinists, and generally degrading male personnel.

27. As a direct result of ITT's corporate failure to implement adequate training

throughout its campuses, Brown has suffered severe emotional distress, and economic damage in an amount to be proven at the time of trial.

## FIFTH CAUSE OF ACTION
## CONSTRUCTIVE TERMINATION
### (As against ITT)

28. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

29. By reason of the facts as alleged herein above, Plaintiff could no longer tolerate working at ITT, became disabled as the result of the working conditions at ITT, and has ceased working at ITT.

30. As the direct result of her constructive termination, Plaintiff has suffered damages, both economic and non-economic, in an amount to be proven at the time of trial.

## SIXTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### (As against ITT)

31. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

32. By engaging in the conduct alleged herein, Lopez, acting for and on behalf of ITT, violated Business and Professions Code section 17200 in that the conduct alleged herein was unlawful in violation of Government Code section 12940 et seq.

33. As a direct result of the unfair business practices alleged herein plaintiff has been deprived of substantial ongoing income.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT
### (As against ITT)

34. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

7

35. Throughout Plaintiff's employment with ITT there existed between plaintiff and ITT a contract of employment, the terms and conditions of which provided for a harassment free work environment (The Contract).

36. ITT breached The Contract by allowing sexually harassing conditions to exist, pervade, and prosper at a minimum of two of its campuses, namely Vista and San Diego during the course of Plaintiff's employment.

37. As a direct result of ITT's breach, Plaintiff has suffered reasonably foreseeable economic and non-economic damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court enter judgment against Defendant ITT, as to each cause of action, and to the degree allowed by law, as follows:

1. For compensatory and exemplary damages as allowed;
2. For restitution;
3. For Reasonable attorneys' fees and paralegal fees;
4. For costs of suit; and for
5. Any such other and further relief that this Court may deem just and proper.

Date:     December 10, 2014                    **MORRIS and ASSOCIATES**

                                               By: _____
                                               Stephen B. Morris
                                               Attorneys for Plaintiff

8